UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RHONDA BOLDEN,

                              Plaintiff,

                -against-

JOHN/JANE DOE,

                              Defendant.

22-CV-10555 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that her rights have been violated. By order dated December 16, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that

the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must

accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

legal conclusions from well-pleaded factual allegations, the Court must determine whether those

facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff's complaint, which is 2,067 pages long, with an additional 472 pages of exhibits,

does not include a caption and does not name any defendants.[1] The complaint begins,[2]

> To the S.D.N.Y. District Court my name is Rhonda Bolden and I am filing this
> complaint Section 1983 for a plenary APA/All Writs Act Review/Complaint, a
> human rights violation a complaint regarding my constitutional rights my
> substantive and procedural rights have been violated and constitutional rights
> offenses, a civil rights complaint concealment an abuse of power abuse of
> discretion an arbitrary and capricious complaints a conspiracy municipal
> governmental harrassment and retaliation denied any and all post deprivation
> remedies, denied an opportunity to be heard and denied appointment of counsel,
> denied notice/concealment of the wrongful conviction of educational neglect child

---

[1] Because the Clerk's Office requires the name of a defendant to open an action, it listed
"John/Jane Doe" as the defendant on the docket.

[2] Plaintiff writes in all capital letters and does not use periods to signal the end of one
sentence and the beginning of another. For readability, the Court uses standard capitalization
when quoting from the complaint, but all other grammar, punctuation, and spelling are as in the
original.

abuse child and child maltreatment, Accadi violations these agencies violated their own rules and regulations to harm and accuse and convict an innocent person, failure to protect, failure to train failure to supervise failure to hire responsible moral governmental employees, denied reasonable accommodations during the arbitrary investigation per the ADA due to my invisible impairments my reasonable accommodation request were ignored thus denied, I was denied the rules and regulations to the parent regarding my parental rights under a far case and under a CPS investigation, my dignity and the arbitrary CPS by law has to provide the least invasive governmental intrusion upon private lives of the family under a far case/CPS investigation extreme emotional and psychological abuse, irreparable harm my name and character have been defamed I was convicted of a crime I did not commit without notice or pre deprivation remedies, I was denied knowledge of the arbitrary conviction and I was not afforded a hearing denied the appointment of counsel my good name and character has been defamed libelous slander my name has been posted for the world to see on the NY state central and federal registries unbeknownst to me for four years the Yonkers Child Protective Service nor the office of Children and Family Services nor the New York State Central Registry never verbally or in writing ever made me aware that they convicted me of educational neglect from a hostile false reporting from Principal Dechent the CPS investigation that was initially a far case turned into an entire investigation from 11/22/2016 – 03/03/2017 CPS by NY Social Service laws have sixty days to make a determination if the person is deemed indicated of being neglectful or deemed that the case is unfounded that neglect was not found, please see that my case was deemed that I am educationally neglectful . . . .

(ECF 2, at 1-2.)

Plaintiff's submission also includes what appear to be copies of various statutes, court decisions, emails, and documents related to Plaintiff's proceedings before an Administrative Law Judge with the New York State Office of Children and Family Services.

## DISCUSSION

### A.    Plaintiff's complaint

Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, a complaint's statement of claim should not be prolix (lengthy) or contain unnecessary details. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (noting that under Rule 8(a)(2), the statement of claim "should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on

the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage'") (citation omitted); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (holding that complaint did not comply with Rule 8 because "it contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension"); *see also The Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs Local 15, 15A, 15C & 15D, AFL-CIO v. Tightseal Constr. Inc.*, No. 17-CV-3670 (KPF), 2018 WL 3910827, at *12 (S.D.N.Y. Aug. 14, 2018) ("[C]ourts in this Circuit have dismissed complaints that are unnecessarily long-winded, unclear, or conclusory.")

Plaintiff's 2,539-page submission fails to comply with Rule 8 because it is unnecessarily lengthy and fails to include a short and plain statement showing that she is entitled to relief.

Furthermore, Rule 10(a) of the Federal Rules of Civil Procedure requires that every pleading must include a caption and the title of the complaint "must name all the parties." Here, the complaint does not contain a caption and it does not name the defendants Plaintiff is suing. The Court grants Plaintiff leave to file an amended complaint that names all defendants in the caption and that contains a short and plain statement showing that Plaintiff is entitled to relief. Plaintiff is strongly advised to limit the amended complaint to 30 pages. She does not need to submit evidence of her claims at this stage.

## B.    Plaintiff's request for accommodations

On January 6, 2023, the Court received from Plaintiff a "confidential" letter in which she states she has unspecified "severe impairments" and seeks "reasonable accommodations and modification/adaptations within this legal proceeding to allow an equal opportunity to participate

and level the playing field."[3] (ECF 5, at 1.) Among other accommodations, Plaintiff seeks "to be made apart of and privy to all conferences [and] any and all discussions with the [Court] and the defendants" (*id.* at 2); that her complaint also serve as "an opposition of motion to dismiss, a motion for emergency relief due to my substantial evidence, of motion of lemine [sic] due to the agencies fraudulent and unconstitutional bad faith actions and documents, a motion for summary judgement motion as well" (*id.*); and "to add another defendant and pertinent crucial evidence to my case without having to amend the complaint" (*id.* at 3). Plaintiff also states that her impairments and hardships "disallow [her] to act timely and promptly at times." (*Id.*)[4]

The Court will consider Plaintiff's requests for accommodations in due course as the litigation proceeds. In the meantime, if Plaintiff needs more time to comply with this order, she may submit a request for an extension of time to file an amended complaint.

**C.      Request for *pro bono* counsel**

Plaintiff's letter also appears to ask the Court to request pro bono counsel to represent her. (*See* ECF 5, at 1.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

---

[3] Because Plaintiff identified her letter as "confidential," the Court has requested that the Clerk of Court designate the filing as viewable by case participants-only.

[4] Plaintiff's letter also included additional substantive allegations and references a Notice of Right to Sue issued by the U.S. Equal Employment Opportunity Commission, which Plaintiff submitted to this Court on the same day as her letter. (*See* ECF 6.)

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because it is unclear whether Plaintiff can state a valid claim, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

First, Plaintiff must name as the defendant(s) in the caption[5] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, she may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. The naming of John Doe defendants, however, does *not* toll the statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending her complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of

---

[5] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, she should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

limitations period has expired, she must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

Plaintiff may consider contacting the New York Legal Assistance Group's (NYLAG) Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil

lawsuits in this court. A copy of the flyer with details of the clinic is attached to this order. The clinic is currently available only by telephone.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-10555 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court denies Plaintiff's request for pro bono counsel without prejudice to renewal at a later date.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 17, 2023
            New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____      ____ Civ. _____ ( ____ )
_____
*(In the space above enter the full name(s) of the plaintiff(s).)*      **AMENDED**
                                                                         **COMPLAINT**

                    -against-

_____      Jury Trial:   ☐ Yes       ☐ No
_____                    (check one)
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names.  The names
listed in the above caption must be identical to those contained in
Part I.  Addresses should not be included here.)*

I.      **Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your
        identification number and the name and address of your current place of confinement.  Do the same
        for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff       Name _____
                Street Address _____
                County, City _____
                State & Zip Code _____
                Telephone Number _____

B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a
        government agency, an organization, a corporation, or an individual.  Include the address where
        each defendant may be served.  Make sure that the defendant(s) listed below are identical to those
        contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1       Name  _____

                       Street Address  _____

                       County, City  _____

                       State & Zip Code  _____

                       Telephone Number  _____


Defendant  No. 2       Name  _____

                       Street Address  _____

                       County, City  _____

                       State & Zip Code  _____

                       Telephone Number  _____


Defendant  No. 3       Name  _____

                       Street Address  _____

                       County, City  _____

                       State & Zip Code  _____

                       Telephone Number  _____


Defendant  No. 4       Name  _____

                       Street Address  _____

                       County, City  _____

                       State & Zip Code  _____

                       Telephone Number  _____


## II.    **Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

　　　　☐ Federal Questions　　　　　　☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

　　　Plaintiff(s) state(s) of citizenship _____

　　　Defendant(s) state(s) of citizenship _____

_____

**III.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      Where did the events giving rise to your claim(s) occur? _____

_____

B.      What date and approximate time did the events giving rise to your claim(s) occur? _____

_____

_____

C.      Facts: _____

_____

| What happened to you? |

_____

_____

_____

_____

| Who did what? |

_____

_____

_____

_____

| Was anyone else involved? |

_____

_____

| Who else saw what happened? |

_____

_____

_____

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____

_____

_____

_____

_____

_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.  _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Mailing Address            _____

                           _____

                           _____

Telephone Number          _____

Fax Number *(if you have one)*   _____

<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:     _____

Inmate Number              _____