UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RHONDA BOLDEN,

                Plaintiff,

-against-

WESTCHESTER COUNTY NEW YORK BOARD OF ETHICS, ET AL.,

                Defendants.

22-CV-10555 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), initiated this action on December 13, 2022, by filing a 2,500-page complaint that did not name a defendant. By order dated January 17, 2023, the Court directed Plaintiff to file an amended complaint. Plaintiff filed the amended complaint on March 18, 2023. By order dated June 12, 2023, the Court dismissed the amended complaint, but granted Plaintiff 60 days' leave to replead certain claims in a second amended complaint. (ECF 16.)

    On August 11, 2023, the Court received from Plaintiff a letter that seeks, among other things, a 45-day extension of time to file a second amended complaint.[1] Plaintiff states that she needs to extension in order to conduct "meticulous research, comprehensive analysis, and the assembly of an unassailable legal argument." (ECF 17, at 1.) The Court grants Plaintiff's request. Plaintiff must submit the second amended complaint within 45 days of the date of this order. Plaintiff is reminded that the second amended complaint does not require legal analysis, legal

---

[1] It appears that Plaintiff submitted a copy of the letter to the Pro Se Intake Unit and emailed a copy to accommodation@nysd.uscourts.gov. The letter has therefore been docketed twice. (*See* ECF 17, 18.) In light of Plaintiff's concerns about privacy, the Court has asked the Clerk of Court to limit viewing of Plaintiff's letter to case participants only.

arguments, or citations to case law. Plaintiff must instead state the facts of her case as directed by the Court's June 12, 2023 order.

In addition to requesting an extension of time to file a second amended complaint, Plaintiff's letter, which is excessively repetitive and confusing,[2] also appears to contain requests for, among other things: (1) unspecified "reasonable accommodations"; (2) the court to "restrict" Plaintiff's case and "conceal[] [it] from public access"; (3) "judicial notice and a hearing as per Rule 201"; (4) an order to "exclude any evidence procured through unlawful means, such as warrants obtained without probable cause"; (5) "emergency relief to halt any ongoing violations and to provide immediate redress for stigmatic injuries inflicted"; (6) "special damages and summary judgment"; (7) appointment of *pro bono* counsel; (8) "a motion for limine [sic] to ensure the proceedings remain focused and just"; and (9) "the arrangement of a settlement conference to explore potential resolutions."[3]

Plaintiff has made multiple similar requests throughout the pendency of this litigation. In its January 17, 2023 order, the Court stated that it would consider Plaintiff's request for "reasonable accommodations" in due course as the litigation proceeds, and denied her application for the court to request *pro bono* counsel without prejudice to renewal at a later time. (ECF 7.) On February 21, 2023, the Court denied without prejudice Plaintiff's request to seal this action and to proceed under a pseudonym.[4] (ECF 9.) On April 4, 2023, Plaintiff filed another letter requesting "reasonable accommodations," asking that the Court include only her initials on

---

[2] For example, in her 39-page letter, Plaintiff repeats her request for an extension and the reason behind her request no less than 16 times.

[3] Like her request for an extension, Plaintiff repeats each of these requests many times throughout her letter.

[4] The Court also advised Plaintiff that if, during the course of the litigation, she believes that a specific document or filing may include sensitive information, she may request to file that document under seal.

the docket and seeking appointment of *pro bono* counsel. In its June 12, 2023 order, the Court again denied Plaintiff's requests, noting that she had largely repeated the same arguments and requests that the Court had previously denied.

The Court denies Plaintiff's requests that the Court provide unspecified "reasonable accommodations," restrict this action and conceal it from the public, and that the Court request *pro bono* counsel for the reasons stated in its previous orders. The Court denies these requests without prejudice.

The Court denies Plaintiff's remaining requests without prejudice as procedurally improper at this stage of the litigation and as without merit.

## CONCLUSION

The Court grants Plaintiff an extension of time to file a second amended complaint. She must file the second amended complaint within 45 days of the date of this order. Plaintiff is reminded that any second amended complaint must comply with the standards described in the Court's June 12, 2023 order of dismissal.

Plaintiff's remaining requests are denied without prejudice to renewal at a later time.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 15, 2023
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge